```
 1  McGREGOR W. SCOTT
    United States Attorney
 2  RICHARD J. BENDER
    Assistant U.S. Attorney
 3  501 I Street, Suite 10-100
    Sacramento, California 95814
 4  Telephone: (916) 554-2731
```

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:05-CR-163 LKK |
| | ) | |
| Plaintiff, | ) | STIPULATION AND ORDER FOR |
| | ) | PERSONAL MONEY JUDGMENT AGAINST |
| v. | ) | SAM ROSS ALLEN |
| | ) | |
| SAM ROSS ALLEN, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The United States and defendant Sam Ross Allen hereby recite, stipulate and agree as follows:

RECITALS

1. On October 4, 2005, defendant Sam Ross Allen entered a guilty plea to Count One of the Superceding Indictment charging him with possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1), and Count Three of the Superceding Indictment charging him with manufacturing marijuana in violation of 21 U.S.C. § 841(a)(1). See Plea Agreement filed October 4, 2005.

2. As part of his plea agreement with the United States, defendant Allen agreed that his interest in certain real property

1  located at 19153 E. Gawne Road, San Joaquin County, California (of a
2  value not to exceed $100,000) was subject to forfeiture to the
3  United States because the real property was used to facilitate the
4  manufacture of marijuana, i.e., the offense charged in Count Three
5  of the Superceding Indictment, and to which Allen has pleaded
6  guilty.  Id. at p.2:24-4:1 & Factual Basis at p.10:27-11:8.  The
7  government and Allen agreed to the $100,000 figure as a compromise
8  and settlement of the government's potential forfeiture claim
9  against the real property described above.  Id. at 3:3-8.  To
10 facilitate the forfeiture the defendant agreed, inter alia:

> Further, to the extent it should become necessary for the government to effectuate the $100,000 forfeiture, the Court may, upon request of the government and pursuant to Fed. R. Crim. P. 32.2(b), order a forfeiture money judgment in an amount up to $100,000 against the defendant.

15 Id. at p.3:11-15.  The parties contemplated that such a money
16 judgment would be satisfied by Janice Anderson (Allen's ex wife)
17 taking a mortgage on the property and paying $100,000.00 of the
18 mortgage proceeds to the United States of America.  Id. at 3:15-18.
19 On November 23, 2006, Janice Anderson tendered to the United States
20 (specifically to the U.S. Attorney's Office for the Eastern District
21 of California) a certified check for $100,000.
22      Accordingly, the parties now stipulate as follows:

                                STIPULATION

24     1.  Pursuant to 21 U.S.C. § 853(a)(2) and Fed. R. Crim. P.
25 32.2(b)(1), the Court shall impose a personal forfeiture money
26 judgment against defendant Sam Ross Allen in the amount of
27 $100,000.00.
28     2.  That the above-referenced personal forfeiture money

judgment is imposed based on defendant Sam Ross Allen's conviction of the charge set forth in Count Three of the Superceding Indictment, charging a violation of 21 U.S.C. § 841(a)(1) (manufacture of marijuana).  Said amount reflects a reasonable compromise between the parties for forfeiture purposes concerning the value of the defendant Allen's interest in certain real property used by him to commit and to facilitate the commission of, a violation of 21 U.S.C. § 841(a)(1).  Any funds applied towards such judgment shall be forfeited to the United States of America and disposed of as provided for by law.

    3.   The $100,000 check tendered by Janice Anderson shall be used to satisfy the personal money judgment.  This check shall be delivered and held by the United States Marshals Service, in its secure custody and control.

    4.   Assuming that the sentence imposed on defendant Allen includes the personal forfeiture money judgment as described above, and that judgment is satisfied by payment of $100,000.00 received from Janice Anderson, the United States agrees not to pursue any civil or criminal forfeiture of the real property based on the allegations set forth in the Superceding Indictment or other drug trafficking activity engaged in by Sam Ross Allen on that real property prior to the signing of this agreement.

///
///
///
///
///
///

5. The defendant waives the notice requirements of Fed. R. Crim. P. 7(c)(2) and 32.2(a), and waives any defects in the pronouncement of forfeiture under Rule 32.2(b)(3).

IT IS SO STIPULATED.

DATED: _____                McGREGOR W. SCOTT
                                    United States Attorney


                            By:_____
                               RICHARD BENDER
                               Assistant U.S. Attorney


DATED: _____

                                    _____
                                    RANDOLPH E. DAAR
                                    Attorney for Defendant

ORDER

For good cause shown, the Court adopts the parties' stipulation and hereby imposes a personal forfeiture money judgment against defendant Sam Ross Allen in the amount of $100,000.00. The $100,000 check from Janice Anderson received by the U.S. Attorney's Office on November 23, 2005, shall be delivered to, and held by, the U.S. Marshals Service in its secure custody and control. The funds shall thereafter be applied towards, and satisfy said, personal forfeiture money judgment against defendant Sam Ross Allen. The funds shall thereafter be forfeited to the United States of America and disposed of as provided for by law.

IT IS SO ORDERED.

Dated: November 29, 2005          /s/Lawrence K. Karlton
                                  HONORABLE LAWRENCE K. KARLTON
                                  SENIOR, UNITED STATES DISTRICT JUDGE

4